UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID PARTRIDGE,

    Plaintiff,

v.

SUNBELT RENTALS, INC.,

    Defendant.

CASE NO. C08-5103BHS

ORDER RE: STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF RECORDS AND DISCOVERY MATERIALS

This matter comes before the Court on the parties' Stipulation and Protective Order Regarding Confidentiality of Records and Discovery Materials (Dkt. 24). The Court has considered the stipulated protective order and the remainder of the file and hereby denies the protective order herein.

**I. PROCEDURAL BACKGROUND**

On May 13, 2008, the Court issued a scheduling order informing the parties that:

> Pursuant to the General Order of the Court regarding Public Access to Electronic Case Files (filed 5/29/03), parties are to redact the following information from documents and exhibits before they are filed with the Court:
>
> *Dates of Birth - redact to the year of birth
> *Names of Minor Children - redact to the initials
> *Social Security Numbers - redact to the last four digits

ORDER - 1

*Financial Accounting Information - redact to the last four digits

The General Order was issued pursuant to the official policy on privacy adopted by the Judicial Conference of the United States. This order can be found on the Court's website at www.wawd.uscourts.gov/ReferenceMaterials/index.htm.
All documents filed in the above-captioned matter must comply with the Privacy Policy and the General Order.

Dkt. 20 at 3.

On June 24, 2008, the parties filed a Stipulation and Protective Order Regarding Confidentiality of Records and Discovery Material.  Dkt. 24.

## II. DISCUSSION

The stipulated protective order states that "it is hereby stipulated between the Plaintiff and Defendant in the above-captioned action that the confidentiality provisions herein shall govern all "Classified Information" that was or will be produced or exchanged in the course of this litigation."  Dkt. 24 at 1.  This statement, as well as other provisions of the protective order, are provisions that are more appropriate for agreements among parties and are not the business of the Court.

The provisions that are the business of the Court are too broad in that they give discretion to the parties to designate documents subject to the protective order.  *See, e.g., id.* ¶ 5 ("confidential information or documents themselves *shall* be filed under seal") (emphasis added).  Any request for a protective order to be entered by the Court must be narrowly drawn, clearly identifying the class or type of documents subject to the protective order, and articulate the factual basis for the order without relying on hypothesis or conjecture.  *See Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289 (9th Cir. 1986).  The term "CONFIDENTIAL" is merely a classification and is not a specific fact that articulates the basis for sealing material.

Furthermore, the stipulated protective order seeks to dictate procedure and timelines that are not consistent with the Court's guidelines for filing electronic documents.  *Compare* Dkt. 24 ¶ 6 *with* Local Rule 7.

ORDER - 2

The parties may, of course, agree on confidentiality among themselves, but when they request that the Court be involved, they must make the requisite showing. Moreover, the Court will require a higher threshold when it is asked to seal motions, or documents attached to motions, that reach the merits of this action. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

Therefore, the Court denies the stipulated protective order and it will remain in the electronic file without force or effect.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the parties' Stipulation and Protective Order Regarding Confidentiality of Records and Discovery Materials (Dkt. 24) is **DENIED**.

DATED this 26th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3